UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| STEPHEN W. REDWINE, | NO: 1:17-CV-3063-RMP |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |
| JUDGE SUSAN WOODARD, and DOMINIC RIZZI, Chief of Police | |
| Defendant. | |

BEFORE THE COURT is a motion to dismiss Plaintiff Stephen Redwine's amended complaint by Defendants Yakima Municipal Court Judge Susan Woodard and Yakima Chief of Police Dominic Rizzi, ECF No. 9. Mr. Redwine seeks relief under 42 U.S.C. § 1983, alleging constitutional violations in the form of false imprisonment, withholding of material he is entitled to under *Brady v. Maryland*[1], and interference with his right to a speedy trial.

---

[1] 373 U.S. 83 (1963).

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 1

Mr. Redwine did not respond to Defendants' motion to dismiss his amended complaint. Although the Local Rules provide that failure to respond to a motion may be interpreted as consent to entry of an adverse order, LR 7.1(d), the Court nevertheless has analyzed the merits of the pending motion to dismiss. The Court has reviewed Defendants' motion, ECF No. 9, Defendants' counsel's declaration and attached public record documents, ECF No. 10, the remaining record, and the relevant law. Fully informed, and for the reasons that follow, the Court **grants** Defendants' motion to dismiss **with prejudice in respect to Judge Woodard and without prejudice in respect to Chief Rizzi**.

## BACKGROUND

The following summary is composed of allegations asserted by Plaintiff in his Amended Complaint, ECF No. 8, filed on June 2, 2017, and information contained in public record documents submitted by Defendants.

Mr. Redwine was charged on July 12, 2014, with driving under the influence of alcohol ("DUI") in Yakima. As of the time the Defendants filed their motion to dismiss in mid-June 2017, the City of Yakima's charge against Mr. Redwine was still pending in Yakima Municipal Court. Mr. Redwine has appeared in proceedings in that criminal matter represented by five different public defenders and two retained counsel. ECF No. 10-1 at 6. Mr. Redwine fired at least one retained counsel, and the public defenders, from two public defender firms, moved to withdraw due to what Judge Woodard described as "a common theme of

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 2

breakdown in communication and disintegration of the attorney client relationship." *Id.*

Mr. Redwine alleges that Judge Woodard "set [him] up with a bad time to come to court at 10:00 a.m. on February 25, 2015." Mr. Redwine further alleges that he appeared, but that Judge Woodard told him "not to speak because [he] had no attorney present at an earlier court appearance."

In January 2017, Judge Woodard issued an order denying a motion for change of venue by Mr. Redwine in his criminal matter. ECF No. 10-1 at 5–11. The motion for change of venue alleged false arrest, similar to Mr. Redwine's present complaint. *Id.* Judge Woodard memorialized her findings regarding the events of February 25, 2015, as she found them after she listened to the audio recording of the February 25 morning docket and read a sworn statement from Mr. Redwine. *Id.* at 5. Judge Woodard found that the court had called the criminal matter involving Mr. Redwine three times, starting at 10:00 a.m.; the court issued a bench warrant at 10:00:54 after the prosecutor requested one; the public defender who represented Mr. Redwine at the time did not have any information as to why Mr. Redwine was not present and requested permission to leave the courtroom to check the other courtroom in case Mr. Redwine was present there instead; and the court adjourned after hearing other cases at 10:35 a.m., without any appearance from Mr. Redwine. *Id.* at 5, 9.

Mr. Redwine alleges in his complaint that he went to see a bail bondsman on the advice of an attorney in Judge Woodard's courtroom on the morning of February 25, 2015, and Mr. Redwine was arrested at the bail bond office on the bench warrant issued by Judge Woodard. ECF No. 8 at 5. Mr. Redwine further alleges that following his arrest on the bench warrant that he got a "copy of the docket" that said he "was supposed to be [at court] at 8:30 a.m." ECF No. 8 at 5. Mr. Redwine does not allege any circumstances other than his arrest pursuant to the bench warrant to support his claim of false imprisonment on February 25, 2015. *See* ECF No. 8 at 4-5.

Mr. Redwine also recounts making multiple requests for a list of all witnesses to his arrest and the unedited video of his arrest.[2] He claims to have specifically sought the identity of a witness who he heard say, "Why are you trying to ruin that man's life?" ECF No. 8 at 7.

The criminal case against Mr. Redwine proceeded to trial in early April 2017, but resulted in a mistrial. ECF No. 10-1 at 15. At the time that Defendants

---

[2] The Amended Complaint does not clearly state whether the "Coban" video that Mr. Redwine seeks is from the time of his arrest for the DUI, but the context of Mr. Redwine's description of the video request seems to indicate that it is. *See* ECF No. 8 at 5.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 4

filed the present motion to dismiss, the criminal matter was set for retrial on June 29, 2017. ECF No. 10-1 at 22.

## LEGAL STANDARD

Defendants have moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Defendants have submitted various documents in moving to dismiss Plaintiff's Amended Complaint, to which no documents are attached.

As a general rule, a district court must convert a Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56 when it considers evidence outside of the pleadings, and the nonmoving party must be given an opportunity to respond to the motion after it has been restyled as a summary judgment motion. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, courts may consider matters suitable for judicial notice without converting a Rule 12(b)(6) motion into a motion for summary judgment. "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## DISCUSSION

As a preliminary matter, the Court notes that Defendants submitted the criminal complaint filed in Yakima Municipal Court against Mr. Redwine in July 2014; and the following documents from the same case: Judge Woodard's Order Denying Motion for Change of Venue issued on January 13, 2017; a Notice of Case Setting issued on February 18, 2015; a Case Information Cover Sheet filed on April 10, 2017; a Notice of Case Setting issued on April 10, 2017; the portion of the Municipal Court docket spanning April 10, 2017, to June 5, 2017; a Notice of Case Setting issued on June 2, 2017; and the portion of the Municipal Court docket

spanning September 28, 2016, to September 30, 2016. ECF No. 10. Plaintiff did not respond to Defendants' submission of these documents, nor did Plaintiff respond to Defendants' motion to dismiss.

The Court takes notice of the documents submitted because they concern events that Plaintiff refers to in his Amended Complaint. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.3d 244, 248 (9th Cir. 1992)). However, to the extent that any of the facts in the documents are subject to reasonable dispute, the Court does not take judicial notice of those facts. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

***Standing***

Defendants argue that Plaintiff lacks standing to challenge actions that occurred in a criminal case that is in the process of being adjudicated. ECF No. 9 at 6–7. Defendants assert that Mr. Redwine has not shown any injury from the alleged civil rights violations because he has not yet been convicted or sentenced. *Id*. Defendants do not cite any authority for the proposition that a section 1983 injury may be suffered by a criminal defendant only upon conviction and sentence. *See* ECF No. 9 at 7. Rather, Defendants refer to Supreme Court authority that a federal court should not enjoin state officers from participating in state proceedings

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 7

in the pretrial or trial stage. *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974) (citing *Younger v. Harris*, 401 U.S. 37 (1971). Given that the Court is unaware of whether the criminal matter proceeded to trial as scheduled, and Plaintiff does not seek injunctive relief through his Amended Complaint, Defendants' standing arguments are unavailing.

### *False Arrest*

To succeed on a Fourth Amendment false arrest claim under section 1983, a plaintiff must show that there was no probable cause for the arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). Although Plaintiff alleges no facts to indicate that Chief Rizzi had any role in Plaintiff's arrest, even an arresting officer is not subject to liability for an arrest executed pursuant to a facially valid bench warrant. *Erdman v. Cochise Cty.*, 926 F.2d 877, 882 (9th Cir. 1991). With respect to Judge Woodard, judges are immune from damages liability for decisions made in their judicial capacity, such as issuing a bench warrant. *Franceschi v. Schwartz*, 57 F.3d 828 (9th Cir. 1995). Mr. Redwine also does not dispute that Judge Woodard issued the bench warrant upon the prosecutor's motion when Mr. Redwine failed to appear for a scheduled hearing. Therefore, Plaintiff has failed to allege any facts regarding Judge Woodard's involvement upon which relief can be granted.

To the extent that Plaintiff alleges a constitutionally defective arrest in February 2015, he has not pleaded the essential elements of that claim. Moreover,

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 8

Judge Woodard is immune to suit for the same reason explained previously, and Plaintiff has not alleged that Chief Rizzi was involved in the events at issue.

### *Brady Violation*

Plaintiff also claims that he has been deprived of evidence in the possession of the prosecution and/or it's investigating officers relevant to his potential defense, in violation of *Brady*, 373 U.S. 83. A *Brady* violation exists when a criminal defendant shows that the prosecution did not disclose to the defense favorable evidence material to the defense case. *Id*. at 87.

Mr. Redwine alleges that a *Brady* violation occurred when the police department did not produce to him in response to his public records request "the names of the other policemen on the scene of [his] arrest" or the "full untampered with Coban [video] in raw form." ECF No. 8 at 5. In addition, Mr. Redwine alleges that the identity of an apparent bystander who yelled "Why are you trying to ruin that man's life?" at the time of Mr. Redwine's arrest has been improperly withheld from him. ECF No. 8 at 7.

To prove a *Brady* claim for section 1983 purposes, a plaintiff must prove that the prosecution (1) suppressed or withheld evidence, (2) that is favorable to the defendant, and (3) material to the defense. *Moore v. Illinois*, 408 U.S. 786, 794–95 (1972). Failure to disclose evidence is a violation only if the evidence is "material," meaning that "there is a reasonable probability that, had the evidence

been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley*, 514 U.S. 419, 433 (1995).

Defendants argue that Plaintiff has not alleged any facts, even if accepted as true, that would allow the Court to conclude that either Defendant suppressed evidence material to Plaintiff's guilt or punishment, and that Plaintiff has not alleged any facts to indicate that he has been prejudiced by the non-disclosure of any evidence that Plaintiff has sought. ECF No. 9 at 9 (citing *Strickler v. Greene*, 527 U.S. 263, 281 (1999)*; Brady*, 373 U.S. at 87. The Court agrees.

Even if either named Defendant had any role in failing to disclose any information, Plaintiff does not allege that the material is favorable to his defense. Nor is there any evidence before the Court that Plaintiff has been convicted in the criminal matter. Therefore, Plaintiff cannot show that the result of the criminal proceeding would have been different if he had been given the material at issue. Consequently, Mr. Redwine has not stated a cognizable *Brady* claim. In addition, judicial immunity would bar suit against Judge Woodard on Mr. Redwine's *Brady* violation claim, as all Plaintiff's allegations are concerned with Judge Woodard's judicial acts. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("Judges are absolutely immune from civil liability for damages for their judicial acts.").

/ / /

/ / /

*Speedy Trial*

Mr. Redwine makes the bare, conclusory assertion that his speedy trial rights were violated "by way of forcing [him] to sign [waivers] in order to obtain [his] *Brady* material." ECF No. 8 at 7. He acknowledges that speedy trial waivers have been entered, but there is no indication of which individual he believes forced him to sign a speedy trial waiver or any factual allegation of how that person forced him.

However, the primary bar to allowing Mr. Redwine's speedy trial violation claim to proceed is that a court cannot adjudicate Mr. Redwine's Sixth Amendment-based claim because there is no evidence of whether a judgment was entered in his favor. Mr. Redwine would need to raise any speedy trial arguments in the underlying state criminal proceedings, as discussed further below. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

*Leave to Amend*

Once a court determines that a complaint should be dismissed, the next decision is whether to grant leave to amend. When a plaintiff proceeds *pro se*, the court must give the plaintiff an opportunity to amend his or her complaint unless it appears that the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). However, a court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 11

the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that Mr. Redwine's complaint fails to state a claim on which relief can be granted, and therefore, the complaint must be dismissed. Mr. Redwine has not specified any injuries that he has suffered, nor any damages or other remedy that he seeks. In addition, if Mr. Redwine is attempting to request this Court direct a state court or city police department in the performance of its duties in ongoing criminal proceedings, this Court would be obligated to abstain from such interference. *Younger*, 401 U.S. 37. Moreover, the Ninth Circuit has found, in the context of a vexatious litigant, that a request to direct a state court in an ongoing criminal proceeding is frivolous as a matter of law. *Demos v. United States*, 925 F.2d 1160, 1161–62 (9th Cir. 1991).

On the other hand, if Mr. Redwine already has been convicted, yet challenges the validity of his conviction on the basis of false arrest, *Brady* violations, or speedy trial defects, he would need to appeal his conviction through the state system and successfully invalidate his conviction. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam); *Heck*, 512 U.S. 486-87. Consequently, the Court concludes that the deficiencies of Mr. Redwine's complaint may not be curable by amendment at this time.

In addition, Plaintiff does not allege personal participation by Chief Rizzi. On that basis, Plaintiff has failed to state a claim against Chief Rizzi on which relief may be granted, but it is not clear from the facts whether a valid claim against Chief Rizzi could be alleged. Therefore, Plaintiff's claims against Chief Rizzi shall be dismissed without prejudice. *See Trimble v. Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (holding that a dismissal of a Section 1983 action on the basis that it is not yet cognizable under *Heck* must be without prejudice). By contrast, Judge Woodard is entitled to absolute immunity from suit for her actions in presiding over the underlying criminal matter against Plaintiff. Therefore, amendment of the claims stated against Judge Woodward would be futile, and those claims are dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 9**, is **GRANTED IN PART DENIED IN PART**. This matter is **DISMISSED WITHOUT PREJUDICE with respect to Defendant Rizzi and DISMISSED WITH PREJUDICE with respect to Defendant Woodard**.

2. Judgment shall be entered for Defendants.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to pro se Plaintiff and **close this case**.

**DATED** October 13, 2017.

>     *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS ~ 13